[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 17, 2005
THOMAS K. KAHN
CLERK

No. 05-10742
Non-Argument Calendar

_____

D. C. Docket No. 03-21967-CV-CMA

MANUEL EGUED,

Plaintiff-Appellant,

versus

POSTMASTER GENERAL OF
U.S. POSTAL SERVICE,
Jack Potter,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 17, 2005)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Manuel Egued, a Cuban Hispanic, appeals the summary judgment granted in favor of the Postmaster General and against his claims of racial and national origin discrimination in violation of Title VII. 42 U.S.C. § 2000e, et seq. Egued was fired from his job with the United States Post Office following an investigation against him for sexual harassment. The district court granted summary judgment in favor of the Postmaster General because it determined that Egued failed to establish a prima facie case of discrimination. We affirm.

## I. BACKGROUND

Egued began work for the Post Office as a letter carrier in 1981. In 1993, Egued was promoted to the position of Supervisor, Customer Service, and, in 1997, Egued was transferred to the Snapper Creek branch of the Post Office. In his position, Egued supervised approximately 120 employees.

On December 18, 2002, Virginia McGinnity, the acting manager of customer service operations, issued Egued a "Notice of Proposed Removal." The notice informed Egued that allegations of inappropriate conduct had been made against him and an investigation had been conducted that showed that Egued "engaged in unacceptable conduct that served to create a hostile work environment for four female letter carriers in the Snapper Creek Branch" between November 2000 and June 2001. The notice provided a summary of the allegations made by

2

the four letter carriers. Egued responded in writing and in person. Egued's

responses were found inadequate and he was discharged based on a finding that he

had sexually harassed other employees.

Egued appealed the decision to the Merit Systems Protection Board, which

held a hearing in Egued's case. After the hearing, the judge found the witnesses

against Egued credible and found Egued not credible. The Board upheld the

removal.

Egued filed a discrimination suit in the Southern District of Florida and

alleged that he was discriminated against on account of his race and national

origin. Egued alleged that non-Hispanic or non-Cuban similarly situated

employees were disciplined less harshly than he was. The district court granted

summary judgment because it found that Egued failed to identify a similarly

situated employee.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo. Wilson v. B/E

Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004). Summary judgment is

appropriate "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a

3

judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing the record, "we view the evidence in the light most favorable to the non-moving party." Wilson, 376 F.3d at 1085.

## III. DISCUSSION

A case for discrimination can be proved with either direct or circumstantial evidence. See id. at 1085-91. Egued does not argue that his complaint is supported by direct evidence of discrimination. We, therefore, address whether Egued presented circumstantial evidence of discrimination.

To establish a prima facie case of discrimination under a disparate treatment theory, an employee must show that "[he] was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." Id. at 1087. If the plaintiff establishes a prima facie case, the defendant must then "articulate a legitimate, nondiscriminatory reason for its actions." Id. "If the employer satisfies its burden by articulating one or more reasons, then the presumption of discrimination is rebutted, and the burden of production shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination." Id.

We need not consider the last two steps in this burden shifting analysis because Egued cannot establish a prima facie case. The Postmaster concedes that

4

Egued is a member of a protected class and was subject to an adverse employment action. Egued cannot identify, however, a similarly situated employee who was disciplined less harshly than he was.

On appeal, the only employee advanced by Egued as being similarly situated is Wayne Brown, the Manager of Customer Services for the Post Office in another branch. Brown is an African-American. In 2004, allegations of improper conduct of Brown were investigated, and Brown was then permanently reassigned out of his work location. Egued argues that the allegations against Brown were substantially similar and of comparable seriousness to the allegations made against him.

An employee is similarly situated if they are "'involved in or accused of the same or similar conduct[.]'" Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316 (11th Cir. 2003) (quoting Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). Comparators must be "similarly situated in all relevant respects," Knight, 330 F.3d at 1316, and the "quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Maniccia v. Brown, 171 F.3d 1364, 1368-69 (11th Cir. 1999).

Brown is not similarly situated to Egued. The allegations against Brown, on

the one hand, were dominated by complaints, by both men and women, regarding Brown's conversations and comments to his subordinates. Only one individual accused Brown of uninvited sexual touching. The allegations against Egued, on the other hand, involved complaints by four women of severe and ongoing sexual harassment, including both verbal harassment and repeated uninvited sexual touching. Because Egued's alleged conduct was substantially more serious than Brown's conduct, the two were not similarly situated and the less harsh discipline of Brown was not circumstantial evidence of discrimination.

## IV. CONCLUSION

We affirm the summary judgment for the Postmaster General.

**AFFIRMED.**